NUTT (UNITED STATES v.). See Cases Nos. 15,904 and 15,905.

---

## Case No. 10,383.

### NUTTER et al. v. RODGERS et al.[1]

Circuit Court, D. Connecticut. March 15, 1875.

#### EQUITY—REHEARING—WHEN ALLOWED.

[The assignee of a bankrupt, on being notified that a suit was pending for the infringement of a patent owned by a bankrupt and was on the trial list, informed a lawyer that the estate had no money to expend in the preparation of a case, and instructed the lawyer to prepare a prima facie case and make the best defense he could. At the trial the prima facie case was substantially admitted, but the validity of the patent was attacked by an array of witnesses from the West whose testimony was unbroken on cross-examination, and uncontradicted by plaintiff in rebuttal; and the court found the patent invalid. *Held*, that a rehearing would not be granted on the grounds that the lawyer ventured to trial without preparation to defend the validity of the patent and that the assignee deemed an expenditure of money in such a preparation unwise, since the assignee could test the validity of the patent in another circuit, in which a similar suit was pending, without the defendant's being compelled to undergo the expense of a rehearing.]

In equity. Petition by Thomas F. Nutter & Company, as assignee of A. S. Gear, for a rehearing of the suit by A. S. Gear and John Gear against C. B. Rodgers & Company for infringement of patent.

OPINION OF THE COURT. Upon the trial of the above entitled cause, the following facts were found to be proved and true: In February, 1874, Alonzo S. Gear, of Boston, Massachusetts, was adjudged a bankrupt by decree of the district court of that state, and Joshua S. Wheeler of Worcester and Benjamin F. Sturtevant of said Boston, were duly appointed the assignees of the estate of said bankrupt. Said Sturtevant declined, and said Wheeler accepted said trust. Previously to said adjudication, said Gear was the owner of letters patent originally granted to Nathaniel Gear, November 8th, 1853, for a machine for cutting irregular forms, and had been engaged in extensive and protracted litigation before the circuit court of the United States for the district of Massachusetts to sustain the validity of said patent, and to obtain injunctions against alleged infringers thereof. A decree in favor of said patent and of said Gear was once granted, by said circuit

---

[1] [Not previously reported.]

court, which decree was subsequently set aside, upon the ground that the title to said letters patent for said state of Massachusetts was outstanding in another person. Said Gear thereupon purchased said outstanding title and brought new petitions before the same court against alleged infringers of said patent. At the time of said adjudication in bankruptcy, said suits were pending before said court. D. Hall Rice, Esq., of Boston, was managing counsel for the defendants therein, and also for C. B. Rodgers & Co. in the Case of Gear against that corporation then pending before this court. Said Wheeler, assignee, employed Charles E. Pratt, Esq., of Boston, as his counsel. Said Pratt and Rice were nominally partners in business.

Their partnership was rather in name than in reality and was instituted for the purpose of enabling Mr. Rice, who was desirous of devoting himself to patent business, to retain control of his common law business by intrusting the same to the immediate management of said Pratt. Said Rice did not share in the profits or care of the business which was entrusted to Pratt without the intervention of said Rice, and said Pratt had nothing to do with Rice's patent business. Immediately after the adjudication, said Gear secretly went to Europe. Thomas F. Livermore, Esq., had been counsel for him in his patent and other business, and after the adjudication in bankruptcy was counsel for both said Gear and Sewell K. Lovewell, to whom said Gear had assigned said patent prior to his bankruptcy. The assignee of Gear's estate brought a petition against said Lovewell before the district court for the district of Massachusetts to set aside said assignment upon the ground that it was fraudulent, which petition was pending at the April term, 1874, of this court. Shortly before said term, said Pratt heard that the case of Gear v. C. B. Rodgers & Co. was on the trial list, and informed the assignee of that fact. The assignee replied that the estate had no money to expend in the preparation of the case, and instructed said Pratt to prepare a prima facie case, and make the best defense of the patent he could, in case a trial should take place. Said Pratt thereupon prepared his prima facie case, but did not prepare to meet any attack which might be made upon the validity of the patent. Such a preparation would have involved an expenditure of time and money which the assignee did not authorize. Said Pratt informed said Livermore that the case was upon the trial list, which fact the latter already knew. Said Livermore communicated nothing to Pratt, except that John S. Beach, Esq., of New Haven was counsel in the case. In truth, Pratt & Livermore, as a result of the Lovewell litigation, and of other lawsuits which had been instituted at the instance of the assignee to recover the property of said Gear, were not upon very cordial terms with each other, and

neither dared to be frank in regard to the condition of the Connecticut suit. Said Pratt, at the opening of the April term, 1874, moved the court that the assignee be permitted to prosecute the suit, which motion was granted. Upon the trial, the assignee presented his prima facie case, which was substantially admitted. The validity of said patent was then vigorously attacked by an array of witnesses from the West, whose testimony was unbroken upon the cross-examination and was uncontradicted. The patent was found by the court to be invalid, and the bill was dismissed. Said Gear, soon after the trial, returned from Europe, brought a petition for the removal of said Wheeler from the assigneeship before the district court of Massachusetts, upon the ground of collusion with the infringers of said patents in the trial of said case. His honor, Judge Lowell, found that there was no collusion, dismissed the petition, and appointed Thos. F. Nutter, Esq., co-assignee in place of Sturtevant resigned. A second petition was thereafter brought to remove said Wheeler, who thereupon resigned at the suggestion of the court, and Mr. Nutter is now sole assignee. There was no collusion between said Wheeler and the parties who are opposed to the Gear patent, nor was there any collusion between Mr. Pratt and the counsel for C. B. Rodgers & Co. in regard to the trial of that case before this court, nor was there any understanding or arrangement between said counsel that the case should not be prosecuted with vigor. It is true that there were circumstances connected with the relations between Messrs. Pratt & Rice, which, until explained, naturally gave color to the idea of collusion between these gentlemen, or of unfaithfulness on the part of Mr. Wheeler in the management of the case, but, in my opinion, these circumstances have been satisfactorily explained. Mr. Wheeler was averse to spending the funds of the estate in litigation. Mr. Gear had left for Europe, having, as the assignee thought, conveyed the assets of the estate in fraud of creditors, while Mr. Livermore was, in the judgment of the assignee, one of the custodians of this property. The assignee employed Mr. Pratt, in whom he had confidence and who was his counsel in the other business of the estate. Mr. Pratt's error of judgment consisted in undertaking the trial of a cause which he had no adequate opportunity to prepare, and in underestimating the strength of the testimony of his adversaries. The defendants in good faith prepared for the trial of their cause and obtained the personal attendance of ten witnesses, all of whom, except one, lived in the states of Ohio or Indiana, who were in attendance for two or three days. The expenses of the trial must have been quite large. In the event of a new trial, a similar expense must be undertaken, and a heavy burden must be thrown upon the defendants. The validity of the patent may still be tested in some one of the suits now pending in Massachusetts, for the opinion of this court in a case where no testimony was offered to rebut the testimony of the defendants will not control the judgment of the judges of other circuits. The question simply is, whether the decree shall stand as to the defendants, or whether they shall be compelled to undergo the serious expense to which they would be subjected, in the event of another trial, because the plaintiffs' lawyer improvidently ventured upon a trial with no adequate preparation, and because the assignee to whom the creditors had entrusted the estate, considered the expenditure of money in the preparation of the case unwise.

I deem the rule to be that a court will not order the retrial of a cause, when the injury to the petitioner, if any injury exists, arose from the error of judgment, or the mistakes, or the lack of due diligence of the agents to whom he had entrusted his case. Courts have not ordinarily permitted the mistakes or errors of counsel or parties to be remedied by a new hearing of the cause, and have required that it should be shown as a prerequisite to a new trial, that there has been no want of diligence or attention on the part of the petitioner. In this case, the title of Mr. Gear to this patent had become vested in the person whom the creditors selected as the assignee. It is not yet manifest whether his opposition to the expenditure of money in the prosecution of a suit in Connecticut was wise or unwise. But the present assignee has still an abundant opportunity to test the validity of the patent without any serious obstruction from the decree which was granted by this court, while a new trial would compel a large expenditure on the part of the defendants, to which they ought not, under the circumstances, to be subjected.

Let a decree be entered dismissing the present petition.

[For other cases involving this patent, see Cases Nos. 5,290, 5,291, 5,293, and 10,384.]